UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE CLEVELAND DELL REID,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No.  25-cv-10442-VC<br><br>**ORDER OF SERVICE** |

Andre Cleveland Dell Reid, Sr., a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 regarding his time in the San Francisco County Jail. Reid has been granted leave to proceed *in forma pauperis*. The court now addresses the claims asserted in Reid's complaint.

## DISCUSSION

### I.      Standard of Review

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*,

487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II.    Reid's Allegations

Reid names as defendants the City and County of San Francisco, the Sheriff's Department, the San Francisco Jail, and Deputy Reid #2541. He alleges as follows: he had a seizure and was seen by medical. Later, on November 6, 2025, back in his cell, he was having trouble breathing, so defendant Reid put him on the yard. He was sitting in a chair and must have passed out, because he woke up on the floor. Deputy Reid failed to call for medical help and instead let Jabar Hickman out of his cell to check on Reid. Hickman began arguing with Deputy Reid to call medical, but defendant Reid instead called his supervisor. Ultimately Reid could have died by the time he received medical help. Reid does not know if defendant's actions were in retaliation for Reid's lawsuit Case No. 25-cv-08285 (filed on September 30, 2025). Reid seeks monetary and injunctive relief.

## III.   Analysis

Reid has listed as an additional plaintiff inmate Jabar Hickman. As a *pro se* plaintiff, Reid cannot represent Hickman because Reid is not licensed to practice law. Hickman has not signed the complaint nor paid his own filing fee or submitted his own application to proceed *in forma pauperis*. If Hickman takes those two actions and he asserts any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences as involved in Reid's complaint, and there are common questions of law and fact for both Reid's and Hickman's lawsuits, Hickman may join the suit. However, from the facts alleged, it does not appear that

Hickman's rights were violated during the alleged incident. He is dismissed as an additional plaintiff.

Reid's claim for injunctive relief against the City and County is moot because he is no longer incarcerated at the jail. Reid has made no allegations concerning municipal liability. The City and County is therefore dismissed as a defendant. The sheriff's department and jail are also dismissed because the term "persons" who may be sued within the meaning of section 1983 "encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities," not including municipal departments or physical buildings. *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996).

Liberally construed, Reid has stated a claim against defendant Reid for deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).

## CONCLUSION

Based on the foregoing, the court orders as follows:

1.      The City and County of San Francisco is dismissed.

2.      The Sheriff's Department is dismissed.

3.      The San Francisco County Jail is dismissed.

4.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, the Waiver of Service of Summons, a copy of the complaint (Dkt. No. 1), and a copy of this Order to defendant Deputy Reid #2541at the San Francisco County Jail #3. The Clerk shall also mail a copy of the complaint and a copy of this order to the City Attorney of San Francisco. Additionally, the Clerk shall mail a copy of this Order to plaintiff.

5.      Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendant, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fails to do so, they will be required to bear

the cost of such service unless good cause can be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendant will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendant has been personally served, the Answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

6.      Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a.      If the defendant intends to file a motion for summary judgment or other dispositive motion, they must do so no later than fifty-six days from the date their answer is due. If the defendant files a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If the defendant believes this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Red.

At the time the dispositive motion is served, the defendant will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

b.      Reid's opposition to the motion for summary judgment or other

4

dispositive motion shall be filed with the Court and served on the defendant no later than twenty-eight days after the date on which the defendant's motion is filed.

Before filing his opposition, Reid is advised to read the notice that will be provided by the defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Reid is cautioned that because Reid bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to the defendant's summary judgment motion. Such evidence may include sworn declarations from Reid and other witnesses, and copies of documents authenticated by sworn declaration. Reid will not be able to avoid summary judgment simply by repeating the allegations of the complaint.

c.     The defendant shall file a reply brief no later than fourteen days after the date Reid's opposition is filed.

d.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders later.

7.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  No further court order pursuant to Rule 30(a)(2) is required before the parties may conduct discovery.

8.     All communications by Reid with the court must be served on the defendant, or the defendant's counsel once counsel has been designated, by mailing a true copy of the document to the defendant or counsel.

9.     It is Reid's responsibility to prosecute this case. Reid must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: March 26, 2026

_____

VINCE CHHABRIA
United States District Judge